okay the court will now hear argument in corny versus city of englewood appellate number 25-26 83 council good afternoon your honor uh cameron pritchett on behalf of appellate daniel kearney i'd like to reserve two minutes for rebuttal granted may it please the court daniel kearney is a street preacher who devotes much of his life to spreading the gospel we know we know the facts yes we can get to your argument your honor here there are two errors that independently warrant reversal first the district court placed the burden on mr kearney as the plaintiff to disprove defendant's invocation of qualified immunity second the district court prematurely granted defendants motion to dismiss without allowing even an ounce of discovery just six weeks before the district court's decision this court decided stringer recounting bucks which controls both issues raised in this appeal first as to burden stringer makes clear that as an affirmative defense qualified immunity must be pled and proven by the defendant who invokes it second as to timing stringer reiterates that a motion to dismiss is generally the inappropriate time to resolve a qualified immunity defense emphasize that word generally that means it's not prohibited it's just generally not the method we we adopt correct yes your honor the defense must appear on the face of the complaint let's talk a little bit about that first point you raised about the um a burden to satisfy the two elements of the qualified immunity defense you would agree that the district court did ably identify different cases in our precedent that articulates the burden in different ways would you agree with that your honor the district court cited a couple of cases and for this proposition that there's an intra-circuit split but it did not cite the primary cases that would be if there were a circuit intra-circuit split on our side of it let's talk about what is our rule and rule in this circuit is if there is a deviation of of perspectives on a legal point the our precedent says the case that was decided first governs so based on your research one was the earliest case that you can identify that squarely put this burden on the elements of this qualified immunity defense on defendant you are first and foremost we would disagree that there is an intra-circuit split we believe that there's no holding that defendants or the district court site that would state the burden would be on the plaintiff in fact in the case this court actually rejected the framework taken by other courts and said the third circuit places the burden on the defendant but there are you would agree there are cases that seem to suggest the plaintiff has the burden whether that's right or wrong there is some case out there that says it correct we disagree there's a holding of any case your honor we would agree admit that there is some dictum some loose language in a few cases like erga for example but those cases are plainly distinguishable let's ask a question about that is the dicta there on the same prong of the uh it depends on the case uh your honor uh in certain cases well that the district court relied on what the what the court found there is that the right is not clearly established and certain instances there was a lack of a constitutional violation don garrow would be an example of that in the eighth amendment context uh your honor judge mckee there's an opinion in george v raheel in the fourth amendment context where there's language on the constitutional prong and there's some language in a case like lupina which is on the clearly established prong which based on the facts alleged there's no clearly established right at this at that stage so let's assume a plaintiff brings a case they have to identify the right that's been violated am i correct yes your honor and for the qualified immunity defense to apply there needs to be a showing it's not clearly established that whatever that right is correct so the dispute here is who's got to show it's not clearly established yes your honor so an example a good example of this would be dovey grudy where the court faults the officer the defendants in that case for not identifying any case law that would show what the clearly established right is doesn't it and we cite from pages uh 16 to 18 of our brief 12 decisions from this court and a decision from every district court in the circuit that faithfully applies this rule that the burden is on the defendant so let's just does it matter really in this case we reviewed de novo right yes your honor right so even if the district court was wrong in its analysis on a de novo review would you agree that there's a clearly established right to be arrested only if there's probable cause your honor we we would agree that but we would assert that there is no probable cause in this case no i know that i'm only asking what you have to you articulated a right that was violated and my understanding from your pleading is the right that was violated your client was arrested without problem cost correct yes your honor we also have a retaliation claim i know that i'm only talking about probable cause right now yes because the retaliation claim will fail if we find there's probable cause i'd like to focus on probable cause if you don't mind yes your honor so with respect to that the law is clearly established that there's a right only to be arrested with probable cause correct your honor so we don't need to get into this debate here about whether the right was clearly established so is our focus then whether the facts demonstrate that right was violated your honor you're correct you do not need to reach the issue of burden uh in this case there are numerous factual questions outstanding about whether there was a reasonable assessment of probable cause in this case because my concern here is i'm not sure that the complaint pled enough to get you passed from one and maybe you can actually i thought that's why our colleague judge kraus recently found it to be concerning to address qualified immunity at the motion to dismiss stage for that reason that it's almost impossible for the plaintiff to know how to plead the contours of the right before the defendant tells us what they think the clearly established right is yes your honor that's that's exactly right is what stringer tells us is that the clearly established inquiry is highly fact-specific therefore it'll be an unusual case where there are enough facts but again back to george's question we want to get to that if you've alleged um enough to get you passed from one then we can get into that and it does seem to be clearly we haven't discussed the case it doesn't seem to be as the front two there's a real problem taking an affirmative defense and telling the plaintiff you gotta plead the front of the defense when you haven't even had discovery yet so how can you possibly get into whether or not it's a clearly established right when you haven't had a chance to find out i'm not sure that it makes any sense but in terms of the first point that's my concern that there are conclusions of law stated as to the first part but what are the facts in the complaint that would suggest that there was um a violation of your constitutional right to and this is free speech as i understand it not not religion which is also under the first amendment obviously but your client is arguing a violation of his free speech yes your honor um so at a 39 are retelling the retaliation point mr kearney alleges that the officers specifically target him because of his speech this was not we're in the complaint that we talked about this is at a39 of the record yeah i thought the claim was that he was protesting and he was then thrown in jail for six days so those are the facts establishing the first amendment violation he's protesting thrown in jail for six days yes your honor and in addition he was specifically retaliated against because of that speech this was not the david you were lying about but you're saying that the affidavit was uh false and you attached the affidavit to the complaint yes your honor so that was to retaliation to the false arrest okay we alleged a lack of probable cause for a few key reasons one is what your honor just stated that the officers misstated to a judicial officer that they lied to judicial officer stating that mr kearney was in violation of a court order and that he could be heard from the location let's take that in terms of the line which would certainly get you to the um munitions prosecution we're in the complaint do you state that oh your honor that is that is an a42 paragraph 28 of the complaint i'm securing he says the criminal complaint was false and that it alleges because of his plaintiff was at the location engaging in protest that he violated the order of judge galena okay the falsity is not enough you've got to show that it's an intentional false of your record doesn't get you over the hump doesn't it uh we disagree your honor we think that under cases like pinkney and scully you're saying just because the complaint the affidavit was incorrect that's enough to get you false arrest oh your honor the complaint with the officers intentionally stated to additional intentional yes now we're talking we're in here you allege that it's an intentional misstatement or a reckless mistake uh your honor on a43 uh mr kearney states that defendant moreno knew or should have known that his affidavit was false and instead arrested the plaintiff okay so how is it false that's a conclusion how is it false because the only material we have in front of us is the complaint itself and the attachment of the affidavit of probable cause where tell me where in your complaint there's a falsity because to say it's false to say he knew he wasn't in violation of a court order that's a legal conclusion that's not a fact so what facts have you identified in the complaint to demonstrate the falsity your honor what mr kearney alleges is that he was in compliance with judge glenn's order that's a legal conclusion that's not a fact that's a legal conclusion whether he's in and that wouldn't be enough to get you that doesn't get you past it and i think maybe that's what yeah it is we're probing on this point yeah well your honor there are numerous factual questions that simply have not been addressed including could mr kearney be heard from the location where he was present whether dr gresham even knew that but there is an allegation in the the officer said he could be heard from the location in which the victim with whom he had the no contact order was located so we have that fact including the officer went in i'm going to talk to the doctor but he went inside to the location which i assume was the location where if the doctor could have heard it he would have heard it in the location where the officer was standing that's in the complaint isn't it not a complaint after david uh your honor if you look at judge galena's order what it states is that uh mr kearney has the right to be present at that location he didn't no problem we get that yes we clearly he has a right to be there he has a right to it seems to me anyhow he has a right to do what he was doing that's right but all that means is that it may mean the officer blew it he made a mistake it doesn't necessarily mean that it was intentional or malicious uh following of a erroneous false as you say here that the affidavit was false it doesn't necessarily mean that it was intentionally or recklessly false your honor an important point in terms of timing is that affidavit was after the arrest of mr kearney the officers arrived at the scene with the knowledge of mr kearney alleges of his history of in this sensitive place and preaching a message that some might find offensive the officers then arrested him after going to the facility and just finding that dr gresham was present there well they did not and they said they could hear the communications and under new jersey state law you can't send a message to somebody who you have a no contact order against but your honor this was a no contact order pertaining to a particular person dr gresham so it was it's not clear that dr gresham even knew mr kearney was present or that he could be heard this was a protest of a number of individuals it's unclear yeah i think that's all well well taken and you think you're right about that but i thought there was enough in the affidavit where the officer alleged and correct me if i'm wrong could be wrong about this was the officer alleged that he went into the doctor's office and from where he was standing in the doctor's office he could have heard the statement or he didn't hear your client's statements outside doesn't mean that the address was proper i'm not saying this was proper it's totally different question and i'll just for the benefit of the record at 866 the doctor was on site this is the author speaking noted that the protest could be heard from the doctor's office inside the location can i ask a question about this though because i'm wondering who's burdened again here since we're dealing with burden so because we're talking about the officer figuring out that the doctor could hear but if we're talking about probable cause to make an arrest is it your position the officer would have had to have probable cause that mr kearney knew the doctor was in because if an element of the offense is to contact the doctor who's inside there'd have to be probable cause that mr kearney knew he was inside had he entered the facility that day or seen the doctor that day that's absolutely correct your honor there's no evidence that mr kearney uh entered the facility that he made any direct or indirect contact with dr gresham the facts that show in discovery that mr crane does actually know dr gresham does not know him personally has never met him but his state of mind is not relevant for whether an objective officer's conduct was protected by qualified immunity no disrespect to your client but that the framework is the objective officer's state of mind not what the uh individual if the order that's being violated is contact doesn't there have to be some intent to come well actually could you tell us what intent to contact what does that mean like what would he have had to do to violate the order yes your honor under the the two charges that were um leveled in this case mr crane would need to have purposefully or knowingly either stalked dr gresham or violated a court order and so the intent is relevant in terms of the ultimate assessment but to your question you have judge schwartz and judge mckee earlier what the officers alleged in the affidavit is that the protests could be heard they do not state that mr kearney individually could be heard and as a matter of common sense given that there are a number of individuals at this protest is there an allegation of how many people were present in the complaint i know your honor that's not that's not the only thing that we know is what the officers were laid in their affidavit that his the actor in this case is is from the criminal point of view was the defendants outside and the order prohibited direct indirect contact and the other facts that they alleged was that he knew from prior occasions that that doctor worked at that location and he was there for a purpose to communicate a message about the activities at that location why is that not sufficient for an objectively reasonable officer to believe the order was violated your honor that ultimately could be the determination at summary judgment but because we're bound by the allegations in the complaint that's all i got is the complaint yes and doesn't that alone fit into that category of in stringer that says there could be cases that could be resolved on a motion to dismiss your honor we disagree that it's it's playing from the base of the complaint again stringer makes clear that would be an outlier situation we cite uh joanna schwartz law law review article which explains that summary is usually the time when this is resolved motion dismisses very rarely the appropriate time to do this but looking at the facts here um judge schwartz it is unclear that mr kearney could be heard from the protest there should be facts gathered about the officer's knowledge about his history of protesting in this location as far as our retaliation claim we would like to develop comparator evidence under nieves and travino to show that he was treated in a uniquely bad fashion including construing a box cutter that he used to open up a box of bibles what it was is that the pen knife that he was charged with your honor they construed it as a as a weapon as a knife it was actually the facts which showed discovery was a box cutter he uses to open up a box of bibles addition he was having a knife with the blade i don't know what the millimeter basically three inches a box i've never seen a box cutter with a blade of three inches this is beside the because he wasn't there was no no true bill was returned on that uh he wasn't indicted but it struck me as bizarre uh frankly it made me think that the officers wrote to get this guy why would you arrest somebody for having a pocket knife in their pocket yes your honor there are a number of facts that demonstrate that there is retaliatory motive here the history that they had used other ordinances and statutes to target him specifically that you know where is that in uh that's at the beginning of his complaint at a39 i'm sorry 840 41 your honor uh the officer charged him with a number of offenses including crimes and ordinances and have done so with the intent paragraph 24 your honor starts on a 40 then continues on a 41 and what mr kearney explains is that this is not an isolated incident there was a history between these defendants and mr that's not in the complaint though doesn't i didn't see anything in the complaint that says there's some history between them your honor this this description we're entitled to inferences in our favor at this stage just tell me what what allegation would support an inference that this was a um part of a pattern of um conduct uh your honor in paragraph 24 mr kearney asserts that that the defendants and the members of police department know plaintiff and have interacted with him on a number of occasions they are aware of his claims of his right to protest and street preach continuing on a 41 members of police department have confronted plaintiff challenged his rights and his message including but not limited to charging him with a number of offenses including crimes and ordinances i've done so with the intent to prevent him from street preaching charging the only episode of charging is the complaint at issue in this case the criminal complaint we don't have other charges against him that is not on the record your honor those those specific charges but the only matter we have in front of us is this complaint this criminal action in addition to the complaint itself you're in this case which asserts that there are other offenses my question to you is is there anything in front of us that says that he's been charged in other on other occasions besides the instant episode that occurred in 2021 um well you're when it's in paragraph 24 with a charge with a number of offenses including crimes and ordinances you're talking about this the chart the crimes out of this complaint correct no you're on the screen is asserting is referring to not just charges in this case but that pattern that history predating this so there were other charges besides this one and i'm not talking about the charge we do know that he was the subject of of some kind of no contact order complaints doesn't tell us the circumstances it's silent we just know there's an order yes we know that he was arrested in 2021 among other things for violating that order is it your representation that this paragraph paragraph 24 is conveying to us he was charged on other occasions you know this is beyond the record we i cannot represent to you i'm just asking you as you just told me to draw an inference i'm happy are you asking me to draw an inference from that language that besides the conduct that led to the no contact and the 2021 event that there were other times he was charged by these defendants are you asking me to draw that inference or by this police department you are there's not enough information to know if there was an actual criminal charge brought against him but i can represent as these officers have come to this location and threatened mr kearney with violations of various orders or ordinances so i don't know that there was actual criminal doesn't help me because it doesn't get to whether or not the officer's conduct was retaliated they may have in good faith thought that uh there was a violation of the ordinance going on what what i'm troubled with i think maybe judge choice is if the complaint were alleging what i'm gathering from your argument there's this bad blood between these officers and this guy and this was the opportunity they they thought they could get him they seized on that opportunity to bring a nonsensical um uh or reckless or uh erroneous intentionally erroneous charges against him uh in violation of his freedom of speech if that were the complaint then we get to the second line the burden proof on um similar cases i'm just not sure i want to help me get there i can't get there right now if and i think this is what judge torch is asking you if paragraph 24 we're basically saying there have been prior instances when you say a number of offenses including crimes and ordinances that have to do with the intent to prevent him from street policing i don't know if we're talking about this case or the history of cases where they've done this to him and those are two very very different things your honor even if you disagree with us on the retaliation claim we have i don't agree with you i'm trying to get at yes what the retaliation claim is alleging yes your honor throughout the complaint mr kearney explains that the purpose of him being charged on this day was to prevent him from exercising his first amendment rights that's what the officer's intent was when he says that they had knowledge about judge galena's order what mr kerney is asserting is that they knew he had the right to be present at that location at that time again mr kerney did not even oppose judge glenn's order because he was told directly you can continue to preach this message at that location so given that knowledge of the officers the fact that they arrested him for being in violation of a court order would demonstrate retaliation it would also demonstrate a lack of problem you agree that as a matter of law that if there is probable cause to to conclude that there was a violation of the order or law the retaliation claim cannot succeed do you agree that that's the state of the law yes your honor underneath as if there were actually probable cause that would be true but we allege for multiple reasons a lack of probable understand your argument judge mask questions okay judge mckee okay counsel i'll be may it please the court my name is donald klein and i represent the remaining defendants in this appeal who are officer cholera and detective moreno i think there's a couple of general points i want to make because with respect to the record i've been involved in this case for in the beginning there have been a series of motions to dismiss in this case this complaint originally started with all kinds of general allegations about eight different defendants we moved to dismiss that judge fast quest said you better clean up you know think because it's all conclusory and whatever and he castigated counsel for referring to the arrest order in this complaint without attaching it and to this day they refuse to attach it to their complaint it finally wound up in the appendix and i think it's important to understand what the facts were on that particular day it's not just the complaints you look at in this context you also look at the four documents that the court can consider under well-established third circuit law in determining whether or not it states the claim and that would be the order the no contact order would be the affidavit of probable cause that was presented to the state court judge it's the right it also is what was attached which includes the hearing before judge galeno when he entered his no victim contact order and why he entered what about the uh the the jail time for the charges that ultimately were not i'm sorry there was also jail time though for charges that all based on the arrest that ultimately didn't even result really in prosecution just in terms of the full context well that's even a more interesting issue i've heard about this order for three years it's never been produced what are you referring to judge mascots asking you about the fact that as a result of of this these allegations that were never proven an individual spent six days in custody yeah the release order they're talking about is something that they kept on talking about yeah we requested it they never produced it release order pardon me you said a release order correct okay what release order the release order was the a 174 i'm sorry no the release order was on page 174 of the of the appendix it's a release order that was the order that ordered the defendant in this case mr corny to be released on his own recognizance along with a no victim contact order so that order though predates the episode here judge mascot was out talking about custody that followed the episodes in 2021 right no i understand that that's that's an order that he referred to by a different judge which has never been produced there's been bare allegations about it and frankly it wouldn't make a difference because what you have to do is you have to assess probable cause at the time of the incident and that's exactly what happened here it wasn't a situation where um the the order came came after the fact what happened is there was a call it's in the papers trying to keep up with you when you say the order are you talking about the the release order i know 74 case the pre-trial release order and i have it in front of me right i'm not sure how it has any relevance to what we're talking about today it's what let him get out on bond it's an unsecured appearance bond no it's dated it's it's it's when he was released when in connection with what happened in march 27th yeah why is it relevant pardon why is it relevant because if there was a violation of his first member rights that had already occurred before the release order was entered i'm assuming he was in custody this is the release order to get him out of custody for the six days he spent in custody pursuant to the arrest that he's alleging was malicious is that right yeah this was the one that is the the core of the case this is the one which where the judge said in releasing him after the incident that led to this order uh back in more and and just to understand what let me get let me just let me just help you out here so march 2027 2021 there's the no contact order correct correct then in august of 2021 there's the episode that led to the arrest that is being challenged for an absence of probable cause in the case in front of us correct okay and and and just to be clear that original order um was um was a no victim contact order and in the in the context of the hearing transcript it was very clear that the judge judge galena was saying to corny who was on the telephone uh and actually consented to it as a condition of it's in the transcript as a condition of the release until further order of the court you'd have no contact with the alleged victim of this matter i don't think your adversary disputes that there's an order i think his dispute is whether there was probable cause to believe that order was violated right and i i respectfully the claim that this was a false affidavit is something which you know it's purely conclusory there's nothing to support it whatsoever so on that so then is your position that there should be further proceedings at a summary judgment stage to be able to adjudicate the no not at all not at all because i think i want to get back to basic general principles in the third circuit which are nowhere addressed in their papers i mean essentially the there's a long history in new jersey that makes it clear that that these kinds of quality cases should be decided at the earliest possible time in the litigation and it's true that generally they're done on summary judgment but this is not that kind of a case mr corny had a 84 paragraph complaint laying out what were all conclusory allegations he knew exactly what it is that was involved here and the four documents that are to be considered on the motion makes it crystal clear of what the situation was now he does rely on uh and i think the other i was with you until you said no he does rely on finish that sentence you interrupted yourself yeah i was going to say there are some other basic principles that we have to look at you know this is not a typical affirmative defense i mean the law in new jersey has been for some time that qualified immunity is an immunity from suit rather than a mere defense to liability that's the mitchell versus forsythe case it's hunter versus bryant i think some members of the court have even cited that in prior decisions i i think what we have to understand here is that in the context of the harlow thing bear allegations of malice and that's the best you're gonna find in what he's claiming in the complaint should not suffice to subject government officials either to the cost of trial or to the burdens of broad-reaching discovery and the court went on to say government officials are shielded unless there's a violation of a clearly established statutory or constitutional right of what a reasonable person would have known until this threshold immunity question is resolved discovery should not be allowed that's harlow back in 1982 and it's an it's still a defense whether it's a defense from suit or liability why should the plaintiff have to bear the burden of establishing those elements well in all of the cases we cited in our brief i'm not going to reiterate them here uh all five of those cases put the burden on the plaintiff but aren't there other cases that put the burden they're early and i think and aren't those don't those cases predate those those cases that yes on the plaintiff yes your honor but you know what they also predate is connelly versus gibson i mean they're based on a connelly versus gibson is not the law anymore we're in twombly that's my point the difference was under connelly versus gibson which was as you know uh set to rest by in the iqbal case 15 or more years ago the standard there was no standard at all the test is set out in connelly and a lot of these cases come out of connelly or the case that they principally rely on which cites connelly um they permitted district court to dismiss a complaint or further the set of claim only if it appeared beyond doubt that the plaintiff can prove no set of facts but that's law now is the plausible flexibility standard you don't you wouldn't have gotten motion to miss granted years ago under connelly you do get them now there's been two uh at least two that i would mention um where on a motion to dismiss in a qualified immunity case the court uh granted uh and one of them uh frankly uh judge mckee in the george case and another one was the asiano case in new jersey they're all in our brief they're never addressed but they're in our brief and i think you also have to understand and i didn't i didn't quite finish the historical thing i was saying about um judge vasquez and how these things develop the reason judge vasquez dismissed a lot of it and told me how to remand is because it's too general you can't just make policy arguments generally you can't make individual arguments generally and gradually you know people just kept on getting knocked out of the case the police department gets knocked out right now we do have two officers who are still on the case and the issue before us is whether the district court was correct to say that on the face of the allegations in the complaint that exists today they those officers are entitled to qualified immunity correct but i think you also i think you're also entitled to look at the documents that are integrally part of it and we just discussed those the order the transcript that led to that no contact order as well as the complaints that were filed right following the episodes in august of 2021 and the relevant case on that it was almost identical to this where the court granted a motion to dismiss where the attachments to the complaint contradicted the thesis of the complaint well here you are your position is read in their totality the factual allegations would demonstrate there was probable cause for the arrest in this case that is your position based upon absolutely and i think the adversary cites it at paragraph 30 of his complaint that the allegations in the complaint was false pardon me there is an allegation in the complaint at paragraph 30 that says that that the complaint that these allegations by the officers in august of 21 were false but that's just made up i mean it's not there's no support for that and and also there's a lot of confusion about how this happened is it there's no support for it because they don't allege a fact i.e it's conclusory or are you taking a position that the allegations in this criminal complaint are inconsistent with the allegations in the civil action i think i'm doing both i'm saying they are conclusory but they also and you have to read the next paragraph uh in that complaint because what they say is and he's done all these other things and it's been of course it was interfacing it was interfacing that led to the original thing uh the original um uh hearing um the uh paragraph doesn't really say anything pardon me next paragraph doesn't really say anything just says it's been first and i think i think that the fact is the affidavit says in no uncertain terms that the officers uh knew that there was a no contact order out there from six months earlier uh they went to the site they then confirmed that he was the doctor was on site and noted that the protest to be heard from uh his office inside of 40 angle street and that's all you need in terms of of violation this was in any contact order and we cited some cases that say just being in that vicinity is enough and i i've i mentioned one other case that they basically say and i was involved in a judgment he was involved in the uh on the same site uh turco which was back in some ago and there's all kinds of allegations in their complaint about contact neutrality and about about uh all kinds of issues that were flatly resolved by judge willington four years ago and affirmed by in a decision written by judge mckee with respect to this site and the one thing that was clear from that case from the background in that case is how tiny the site is i mean it's a little storefront you know in a two-story building and you could hear i mean if you were if you were anywhere if there was a 200 foot uh order there was no order was any contact um he was close to the it was as close as you can be i mean they're right you you're right under the window you're right next to them you know and the it's the the problem is that he was he was the view was that he was stalking him and there had been prior situations that that that gave the police officers confidence that there was validity to it they went there then they went back and got the affidavit of probable cause and then it got issued um and and i do think that that uh there's some other questions that came up that i wanted to touch uh we talked about connelly but i think in in in if you give the the value to what's said in the earlier cases in the third circuit with respect to quality immunity qualified immunity it's basically if there's any possibility of avoiding discovery and putting government officials through what would otherwise be a uh inappropriate uh that that you do it and this is the perfect case for it because you have a situation where you have all the allegations it's not that he doesn't know what he's talking about the the the constitutional right here the right involved here is a whether or not somebody has a right to disobey a restraining order that's the issue the other things the freedom of speech i mean most of the stuff that they're saying about freedom an absolute right to freedom of speech in the in they don't have a right absolute right to freedom of speech at their facility as the court held in turco you know we we tried that case for two days and it was it was a question and and the record is complete in that decision i just don't think there's any question that they had probable cause and that was enough you don't even have to get qualified to get to qualified immunity there's enough in the complaint to allege that they didn't have probable cause and that's where at least i'm hung up there i'm sorry i'm having a little trouble i'm hung up on whether or not there's enough to allege that they did not have probable cause the first prong and that's a legal concern that's my that's where i'm hung up that would be a legal issue though for that to allege i'm sorry actually that's a legal issue for this court to decide yes i know i'm saying that that's if he did that he alleged that it would be a legal but there have to be facts in there that would support that legal conclusion but it's it's more latest notice pleading yeah but i think in terms of in terms and i think the trial court said it you know quite succinctly and quite well when he when he said in the context not only the qualified privilege but on probable cause he said that um just one second he suggested in his opinion indeed the defendant's arrest decision may have been affirmatively lawful in the new jersey law the plaintiff all after all was present where the doctor was and interacted with him though in a one-sided way that would seem to be enough to establish probable reading from the district court judge's opinion that's what the district court said so i think the court can decide this affirm it on either or both of those grounds okay let's see if judge mask got any questions for council judge mckee all right council thank you for your arguments thank you your honor just a few quick points in rebuttal uh first your honor judge swartz you asked about the first case we could find pat sigby o'neill 1978 on the burden makes clear that the burdens on the defendant to plead prove qualified immunity and it also at common law this is not unusual because a common law the officers would need to establish the lack probable cause third circuit what year third circuit 1978 you're on the website yes got into the into the 80s so good for you forgetting the 70s certainly predates me but it's 577 don't show up go ahead i can represent it's 577 f second 841 your honor uh and so thank you on the burden issue it's also important to note that in this case the burden erroneously being placed on mr kearney was dispositive at 821 of the record even the district court says this is a close case as to whether there is contact but here the burden is on the plaintiff so this was dispositive in this case and our position is that this court would need to overrule stringer thomas reedy halsey all these cases that make very elusively clear the burdens on the defendant uh second your honor uh my friend mentioned cases that say that being in the general vicinity is enough those cases do not stand for that proposition uh the court the case that the district court relied on including uh dmg and and jt those cases uh are factually distinguishable in those instances in one instance the defendant was recording the complainant another instance the defendant was outside of the complainant's home and made eye contact and was staring at the person we don't have anything of the sort here judge order says defines indirect contact social media messaging uh email third party intermediary we have nothing of the sort mr kearney was present at the location but the case law from new jersey does talk about uh communicating a message and conveying a message would violate would violate the no contact provision even though the dish i understand what the the judge galena said but the case law again we have to do it from the perspective of reasonable objective officer would they understand that that behavior would be violative of a no contact order that's my that's the only point i wanted to make yes i understand what you're saying yes your honor and i think the proceedings today demonstrate there are a lot of factual questions to be answered here it's simply premature to adjudicate on a motion dismissed we do not know whether mr kearney individually could be heard as apart from the protest generally we don't know about the officer's history with mr kearney whether they knew we had the right to be present there and if he was treated differently than others who were similarly situated we also do not know if dr gresham i if it's there i really missed it but that would certainly help with prong one in your theory of the case but i don't think that's there that you did did you allege that he was singled out and treated differently than others who were similarly situated we did not say that directly your honor but that's a fair inference from the fact that the officers used a variety of tactics to intentionally thwart his first amendment protected activity of course at this stage we're not called we're not required to plead around qualified immunity we do not know qualified immunity would be raised and so some of those facts are not in the complaint at this time but discovery would show a number of instances in which mr kearney was treated very differently than other individuals and that was because of his first and protected activity but under a notice pleading standard if you could just one final time for a summarize like in the complaint do you think the strongest argument of a violation of constitutional rights yes absolutely your honor we think that if i could give you a couple your honor uh so the first is that mr kearney alleges specifically that the complaint in this case can you do that help us with the paragraph number in the page yes absolutely so just taking the false arrest first under cases like Voorhees all we need to do is plausibly allege a lack of probable cause there are numerous indications of no probable cause in this case one is at paragraph 28 the criminal complaint was false in what it alleges about mr kearney under cases like pinkney this court said officers cannot fake facts to substantiate probable cause and so this mendacity in terms of securing the probable cause and then detaining him for six days uh demonstrates a a have with mr kearney uh cases like angersby scully and reedy they say we must look at the objective officer with the knowledge that these officers have and so paragraphs 24 uh through 25 where mr kerney says he's been subject to a number of discriminatory acts by these defendants that's paragraph 25 and then paragraph 24 we talked about earlier that he had been confronted by these officers numerous times and challenged about the message that he was intending to preach so under andrews and reedy that knowledge the officers would have had is relevant to the probable cause determination and then third and finally your honor is that there was a finding in this case of a lack of probable cause yeah but that but the case law doesn't require us to defer to that you know it's a relevant consideration just in terms of we also have a finding of at the inception right so you have a unusual scenario of a criminal complaint where there was an affirmative finding of probable cause it's by in the four corners of the document and then subsequently the superior court judge found an absence of probable cause it's unclear the rationale what the court considered or anything so i don't know that that i don't know that fact helps either side um because we're duty bound to look at whether it's an objective reasonable standard a reasonable officer under these facts would have concluded there was probable possibility of a crime was committed the defendant committed it yes your honor i would agree with you in the in the general case except that we have a specific allegation here that the probable cause determination relied on false statements made by the officers different than what you just said initially which was a judicial finding of the presence or absence of probable cause that's a different thing than an allegation by the party of a factual matter the absence of probable cause yes your honor except that the arrest here was made before that probable cause determination was made and so the officer did not have that in their knowledge that there was a finding of probable cause at the time they arrested him afterwards though regard for your purposes doesn't really help you or hurt you because the sequence was there was a finding by a judicial officer of probable cause that confirmed if you if your representation is it was an arrest before the issuance of judicial process after that conduct there was an affirmation by a judicial officer of the existence of probable cause subsequently in some kind of proceeding there was a finding of an absence of probable cause my point is i don't think that really advances the argument and it's certainly something that we're not to defer to but it also might also might lay bare how the burden of proof and who bears it here ultimately is is going to be relative and outcome determinative so we have to look closely what the district court did there yes your honor you could go on so are you done because you you i mean you did tell us at the beginning about the malicious statements when you were talking about how the complaint does allege a case so assuming that my colleagues believe that the whole judicial finding thing is irrelevant is there any other point that helps you affirmatively show the charges in the complaint yes your honor so those were the facts pertaining to lack of probable cause okay in terms of retaliation claim mr kearney alleges plainly that the defendants were specifically targeted so on a39 paragraph 18 for example your honor defendants have obstructed thwarted plaintiff's right to express his sincerely held religious beliefs and then continuing on back to 840 41 um well if there were a adverb there that would be helpful the fact they've obstructed and thwarted his beliefs i understand where you're saying you want us to draw an inference that that was an intentional malicious obstruction and thwarting of the other religious beliefs yes your honor and i can represent a number of facts that come out into discovery to substantiate and bolster these allegations about unfortunately you have to just keep us on the complaint and reasonable inferences to be drawn back from it and the integral documents yes your honor and just looking at the complaint mr kearney explains he abided by the buffer zone requirements uh that he was in compliance with any rules or regulations in terms of where he was allowed to protest and that he was did he judge galena's order to avoid any sort of contact again there's no statements either in the complaint or otherwise that the district court relied on you look at a18 the district court found that mr kearney went to this location to dr gresham's place of work and raised his voice loudly enough to be heard by dr court accepted the defendant's allegations and rejected ours in the complaint which is the opposite of how it will be six should be performed if there are no further questions all right respectfully ask the court to reverse thank you no there is no it's it's only it's only one side and and one rebuttal um council thank you for your um argument uh we will take this matter under advisement we thank you for your patience today thank you